## CIRCUIT COURT OF FAIRFAX COUNTY

Fairfax-Falls Church
Community Services Board

v.

Kristina Olson

March 14, 1996

Case Nos. (Law) 140709 and 144783

BY JUDGE DENNIS J. SMITH

This case comes before the Court on Defendant's motion to suspend execution of judgment pursuant to § 8.01-676.1(B) and to declare her indigent pursuant to § 8.01-676.1(K), thereby eliminating the requirement that she post security for the appellate bond suspending execution of judgment. Oral arguments were heard and evidence was presented on February 2, 1996, February 9, 1996, and March 1, 1996. On March 1, 1996, the Court took the matter under advisement.

At the February 9th hearing, Defendant testified that in the past year, she has held a series of retail and service-oriented jobs. Presently, she is employed part-time as a waitress at Applebee's Restaurant working twenty to twenty-five hours per week and earning $3.00 per hour, plus tips. Until early January, 1996, Ms. Olson had been employed by Joan Barrie, working twenty to twenty-five hours per week for $6.00 per hour. Defendant also testified that she receives financial assistance from her mother in the form of payment of various miscellaneous expenses when necessary.

In addition, Defendant testified that she is currently enrolled in two courses at Northern Virginia Community College ("NOVA") which prevent her from pursuing full-time employment. Defendant explained that her enrollment at NOVA is required as a condition to her continued participation in Plaintiff's Transitional Therapeutic Apartment Program ("TTAP"), through which Defendant received the housing at issue in this case. On March 1, 1996, Plaintiff presented evidence in support of its position that Defendant voluntarily withdrew from TTAP by failing to

comply with the treatment aspects of the program. Plaintiff argues that Defendant is voluntarily underemployed and selectively indigent as she has presented no credible evidence demonstrating why she cannot work full time; therefore, Ms. Olson should not be permitted to benefit from the indigency provision of Va. Code § 8.01-676.1(K) but should be required to post security for suspension of execution pending her appeal.

After careful consideration of all of the evidence presented, the Court finds:

(1) Ms. Olson is no longer participating in TTAP;

(2) Ms. Olson has not advanced any credible reason why she cannot work full time other than her voluntary decision to further her education;

(3) Ms. Olson has an earning capacity of approximately $10,000 per year if she chose to work a 35-hour full-time week;

(4) Ms. Olson's voluntary choice to work part time because she is attending college may well be a laudable choice, well thought out, and beneficial to her in the long term, but the resultant minimized earnings do not render her indigent for purposes of §§ 8.01-676.1(C) and (K) of the 1950 Code of Virginia, as amended.